# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | In Proceedings under Chapter 7 |
| | ) | |
| PJM Enterprises of Marion, Inc., | ) | Case No. 08-40976 |
| | ) | |
| Debtor. | ) | Adv. No. 10-4062 |
| | ) | |
| Robert E. Eggmann, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Illinois Department of Revenue, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

This matter is before the Court on the Defendant's Motion for Summary Judgment. The Debtor, PJM Enterprises of Marion, Inc., filed a petition for relief under Chapter 11 of the Bankruptcy Code on June 26, 2008. The case was converted to one under Chapter 7 on February 20, 2009. On June 28, 2010, the Plaintiff, who is the Chapter 7 Trustee for the Debtor, filed a complaint to avoid $8,158.44 in transfers from the Debtor to Creditor/Defendant Illinois Department of Revenue under 11 U.S.C. § 547(b) and to recover said sums for the benefit of the estate. The Defendant filed a motion for summary judgment on October 6, 2010. For the reasons stated below, the motion for summary judgment is denied.

The Debtor conducts business in the state of Illinois and employs Illinois residents in its business endeavors. Because of these characteristics, the Debtor became liable to the state for employee income withholding taxes, among other tax liabilities. Both parties stipulate that, after the Debtor failed to timely remit to the Defendant the withholding taxes, the Defendant levied the Debtor's bank accounts on May 30, 2008, or approximately twenty-seven (27) days before

the Debtor filed its petition. The Defendant claims to have applied the amount levied to the Debtor's September 2007 withholding tax liability.

The Defendant argues that, under Illinois statutory law, taxes withheld by an employer to satisfy the employer's obligation to pay such taxes to the Department of Revenue are held in trust by the employer. The Defendant goes on to argue that these funds, if held in trust, are not property of the estate and thus not subject to avoidance and recovery by a trustee under 11 U.S.C. § 547, which allows a trustee to avoid only "any transfer of *any interest of the debtor* in property" (emphasis added). The Trustee, conversely, argues that there is a genuine issue of material fact regarding the source of the funds levied by the Defendant and whether these funds can properly be considered to have been held in trust.

Summary judgment is appropriate where the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. BANKR. P. 7056 (applying FED. R. CIV. P. 56 in adversary proceedings). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving the lack of a genuine dispute as to any material fact. *See Celotex*, 477 U.S. at 322.

The Defendant believes that the Illinois withholding tax liability statute is dispositive. The statute reads:

> Every employer who deducts and withholds or is required to deduct and withhold tax under this Act is liable for such tax. For purposes of assessment and collection, any amount withheld or required to be withheld and paid over to the Department [of Revenue], and any penalties and interest with respect thereto, shall be considered the tax of the employer. Any amount of tax actually deducted and withheld under this Act shall be held to be a special fund in trust for the Department [of Revenue]. 35 ILL. COMP. STAT. 5/705 (2010).[1]

---

[1] The Defendant actually cites 35 ILL. COMP. STAT. 5/712 (2010), which is identical to the quoted statue except that it refers to "payors" rather than "employers" and references the withholding liability of partnerships, Subchapter S corporations, trusts, and lottery authorities. As there is no evidence before the Court that the Debtor falls into any of these categories, the Court believes that the quoted statute is more appropriate when considering the instant case.

The Defendant also cites *Begier v. Internal Revenue Serv.*, 496 U.S. 53 (1990). In *Begier*, the debtor was a commercial airline. As such, it was required under federal statutes to withhold federal income taxes and collect Federal Insurance Contributions Act (FICA) taxes from its employees' wages and to collect excise taxes from its customers. The debtor had fallen behind on remitting the required taxes to the IRS. To mitigate against the possibility that the debtor would be unable to pay the taxes as it struggled financially, the IRS ordered the debtor to establish a separate account in which to hold the funds for which it was liable. The debtor established the account but did not deposit funds sufficient to cover its entire liability. Nevertheless, the debtor voluntarily remitted payments in full of its tax obligations to the IRS, some through the separate account, the rest through its general operating funds, until it filed for bankruptcy relief. Much as the instant case, the debtor initially filed for relief under Chapter 11, but the case was converted to Chapter 7 shortly after it was initiated. Once a Chapter 7 Trustee was appointed, he sought to avoid the payments that the debtor had made to the IRS out of its general operating funds under 11 U.S.C. § 547(b).[2]

The IRS made an argument nearly identical to that made here by the Defendant. Citing 26 U.S.C. § 7501 (1986), the IRS claimed that the taxes that the debtor actually collected or withheld were held in trust for the benefit of the IRS and thus were not "property of the debtor." That section reads:

> Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose. 26 U.S.C. § 7501 (1986).

---

[2] In *Begier*, the Trustee and the IRS agreed that the funds paid to the IRS from the separate account were not avoidable. Additionally, § 547(b) looked substantially the same in 1986 as it does now. The statute previously read: "[T]he trustee may avoid any transfer of property of the debtor." Neither party argues that the difference in language from then to now has any bearing on the analysis conducted by the Court in *Begier* or this Court.

The Supreme Court agreed with the IRS. The Court held that § 7501 "creates a trust in an abstract 'amount' -- a dollar figure not tied to any particular assets -- rather than in the actual dollars withheld." *Begier*, 496 U.S. at 62. Because the code section deviates from the common law standard required of trusts, namely that there be identifiable trust *res*, the Court found common law tracing rules inapplicable.[3] *Id.* at 62–63. Instead, the Court held that Congress intended to require the IRS to "show some connection between the § 7501 trust and the assets sought to be applied to a debtor's trust-fund tax obligations." *Id.* at 65–66. The Court found this required "nexus" in the case at bar when the debtor voluntarily remitted payments to the IRS, even if from its general operating funds, because "a [voluntary] payment of withholding taxes constitutes a payment of money held in trust under Internal Revenue Code § 7501(a)…if they have been properly held for payment, as they will have been if the debtor is able to make the payments." *Id.* at 66. "The courts are directed to apply 'reasonable assumptions' to govern the tracing of funds" that allegedly are held in trust for a taxing authority. *Id.* at 67.

The analysis by the Supreme Court in *Begier* is of particular interest in this case thanks to the holding of the Bankruptcy Court for the Northern District of Illinois in *Carmel v. Ill. Dep't of Revenue (In re Lakeside Community Hospital)*, 191 B.R. 122 (Bankr. N.D. Ill. 1996). In *Carmel*, the Court held that "there is no substantive difference between" 35 ILL. COMP. STAT. 5/705 and 26 U.S.C. § 7501. Therefore, although there are different words used in the two statutes, the result is the same for each: as long as the required "nexus" between the funds withheld and the funds transferred is shown, the funds are not property of the estate. *Carmel*, 191 B.R. at 125.

---

[3] Importantly, the Court noted that Congress is not bound to act within common law rules, thus allowing it to create a law which establishes a trust that does not follow such guidelines. The same can be said for the legislature in the state of Illinois.

The Defendant argues that *Begier*, when combined with *Carmel*, necessitates a finding by this Court that the funds it levied from the Debtor's accounts were held in trust for its benefit. What the Defendant fails to prove, as the Plaintiff notes in his response to the motion for summary judgment, is the required "nexus" between the funds it levied and the taxes actually withheld by the Debtor under its statutory obligation. *Carmel* does not obviate the need for a nexus. The Court in *Carmel* did not have to consider whether a nexus was established between the funds allegedly held in trust in that case and the funds actually transferred because it dealt with funds voluntarily transferred, just as those found in *Begier*. Instead, the only significance found in *Carmel* is that the analysis that applied to the federal withholding statute in *Begier* is precisely the same as that found in the withholding statute in the state of Illinois. There is no fact in the instant case that suggests that the Defendant levied funds from an account separate from the Debtor's general operating funds, nor is there any fact that suggests that the Debtor voluntarily remitted the taxes. In fact, the Defendant readily admits, in its response to the Plaintiff's Memorandum in Opposition, to forcibly removing the funds from the Debtor's accounts. There is not even an undisputed fact that the Debtor ever actually withheld the taxes that the Defendant claims to have levied.[4] Although voluntary payments or separate accounts are not the only vehicles by which the Court can find the nexus stated in *Begier*, such a nexus is nonetheless required to be shown. There is no fact that allows the Court to make a reasonable assumption regarding the tracing of the funds allegedly held in trust. The Court finds that there is a genuine dispute about the source of the funds that the Defendant claims were held in trust for

---

[4] The Defendant, in its motion for summary judgment, alleges that "during the quarter ending in September of 2007, the Debtor…withheld certain sums from its' [sic] employees['] wages pursuant to 35 ILCS 5/701 *et. seq*. …." The Plaintiff, in his response, states, "Without any evidentiary support in the record, [the Defendant] asserts that Debtor withheld funds from its employee's [sic] paychecks for federal and state tax liabilities…." The Plaintiff thus raises a genuine dispute regarding the withholding itself.

its benefit and whether the Defendant has shown the required nexus between these funds and the funds that were levied. The Court further finds that the nexus is a material fact.

The Defendant also argues that the Debtor failed to protest the levy within twenty days of its occurrence, thus extinguishing the Debtor's interest in the funds under Illinois law. The Defendant cites *In re Valentino's Restoration & Cleaning Service*, 215 B.R. 153 (Bankr. N.D. Ill. 1997). The Defendant believes that *Valentino's* is directly on point, but the Defendant's belief is misplaced. In *Valentino's*, the Illinois Department of Revenue sent the debtor a notice of its intent to seize the debtor's assets within ten days from service of the notice if the debtor did not make payment in full of all of its tax liabilities. The debtor did not contest the notice. The Department thereafter executed a levy on the debtor's bank account. More than twenty days had passed since the levy was executed when the debtor filed for Chapter 11 relief. Once the debtor's case was converted to Chapter 7, the Department sought a declaratory judgment that the funds held by the debtor's bank, which had been levied yet held in escrow by the bank, were not property of the estate since the debtor failed to contest the levy within twenty days. The Court agreed with the Department.

*Valentino's* relies on two Illinois statutes. The first, commonly known as the Taxpayers' Bill of Rights, states:

> The Department of Revenue shall have the following powers and duties to protect the rights of taxpayers: …(f) To place seized taxpayer bank accounts in escrow with the bank for 20 days to permit the taxpayer to correct any Department [of Revenue] error." 20 ILL. COMP. STAT. 2520/4.

The Defendant argues that *Valentino's* stands for the holding that once a levy has gone uncontested by a taxpayer for twenty days, the levied funds are no longer the debtor's property. This is only half of the story. The other half is addressed by 35 ILL. COMP. STAT. 5/1109, which states, in pertinent part:

> In addition to any other remedy provided for by the laws of this State, if the tax imposed by this Act is not paid within the time required by this Act, the Department, or some person designated by it, may cause a demand to be made on the taxpayer for the payment thereof. If such tax remains unpaid for 10 days after such demand has been made and no proceedings have been taken to review the same, the Department may issue a warrant directed to any sheriff or other person authorized to serve process, commanding the sheriff or other person to levy upon the property and rights to property (whether real or personal, tangible or intangible) of the taxpayer, without exemption, found within his jurisdiction, for the payment of the amount thereof with the added penalties, interest and the cost of executing the warrant. …
>
> Any officer or employee of the Department designated in writing by the Director is authorized to serve process under this Section to levy upon accounts or other intangible assets of a taxpayer held by a financial organization…. Levy shall not be made until the Department has caused a demand to be made on the taxpayer in the manner provided above.

In order to receive the right to the levied funds after the levy has been uncontested for twenty days, as the Defendant seeks here, the Defendant must first make a proper demand upon the taxpayer and allow the taxpayer ten days to respond to the demand. If the Department receives no response in these ten days, *only then* may the Department levy the taxpayer's accounts "held by a financial organization." Once the demand period has expired and the funds have been levied, the taxpayer has another twenty days to contest the levy. The Plaintiff does not dispute that twenty days passed after the Defendant levied the Debtor's account without any kind of response from the Debtor. Nevertheless, there is no fact before the Court that the Defendant made a proper demand upon the Debtor before levying, as required by 35 ILL. COMP. STAT. 5/1109. The absence of this fact makes *Valentino's* immaterial to the Defendant's position. Whether or not a proper demand was made by the Defendant upon the Debtor is a fact material to the determination of whether the Debtor's rights in the levied funds were extinguished by inaction. The Court cannot grant the Defendant summary judgment because there is a genuine issue regarding this material fact.

As the motion for summary judgment is denied, the Court need not address the Plaintiff's argument that any amount levied from the Debtor's account that is applied to penalties and interest is not held in trust. For the reasons stated above, the Defendant's motion for summary judgment is denied.

SEE ORDER ENTERED THIS DATE.

ENTERED: January 14, 2011

/s/ Kenneth J. Meyers
UNITED STATES BANKRUPTCY JUDGE